ACCEPTED
15-25-00173-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/19/2025 12:26 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00173-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/19/2025 12:26:41 PM
CHRISTOPHER A. PRINE
Clerk

In the Fifteenth District Court of Appeals at Austin, Texas

Encotech Consulting Engineers, Inc.
Appellant,

v.

Ian Miramon and Caroline Miramon,
Appellees.

Appeal from the 250th District Court, Travis County, Texas
The Hon. Laurie Eiserloh, Presiding Judge
Trial Court Cause No. D-1-GN-25-001130

## BRIEF OF APPELLANT ENCOTECH CONSULTING ENGINEERS, INC.

**M. BRANDON WADDELL** (SBN: 24042106)
bwaddell@wslawpc.com
**MICHELLE KOLEDI CONNER** (SBN: 24072189)
mconner@wslawpc.com
**NICHOLAS J. SCOTT** (SBN: 24093965)
nscott@wslawpc.com
WADDELL SERAFINO GEARY
  RECHNER JENEVEIN, P.C.
1717 Main Street, 25th Floor
Dallas, Texas 75201
(214) 979-7400 – Telephone
(214) 979-7402 – Facsimile
**ATTORNEYS FOR APPELLANT
ENCOTECH CONSULTING ENGINEERS, INC.**

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

## Appellant Encotech Consulting Engineers, Inc.

Counsel:     **M. BRANDON WADDELL**
bwaddell@wslawpc.com
**MICHELLE KOLEDI CONNER**
mconner@wslawpc.com
**NICHOLAS J. SCOTT**
nscott@wslawpc.com
WADDELL SERAFINO GEARY RECHNER
  JENEVEIN, P.C.
1717 Main Street, 25th Floor
Dallas, Texas 75201
(214) 979-7400 – Telephone
(214) 979-7402 – Facsimile

## Appellees Ian Miramon and Caroline Miramon

Counsel     **JOHN C. RAMSEY**                      **RICK FREEMAN**
john@ramseylawpc.com                   rick@rickfreemanlaw.com
**K. GRACE HOOTEN**                        RICK FREEMAN, P.C.
grace@ramseylawpc.com                  3660 Stoneridge Road, B-102
RAMSEY LAW GROUP                       Austin, Texas 78746
Woodway Tower                          (512) 477-6111 (Telephone)
6363 Woodway Drive, Suite 500          (512) 473-2131 (Facsimile)
Houston, Texas 77057
(713) 489-7577 (Telephone)
(888) 858-1457 (Facsimile)

**VINCENT L. MARABLE III**
tripp@paulwebbpc.com
PAUL WEBB, P.C.
Woodway Tower
221 N. Houston Street
Wharton, Texas 77488
(979) 532-5331 (Telephone)
(979) 532-2902 (Facsimile)

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL......................................................I

TABLE OF CONTENTS ...................................................................II

TABLE OF AUTHORITIES .............................................................III

STATEMENT REGARDING ORAL ARGUMENT .................................. VI

ISSUE PRESENTED .......................................................................2

STATEMENT OF THE CASE...........................................................3

STATEMENT OF FACTS.................................................................4

SUMMARY OF ARGUMENT............................................................9

ARGUMENT..................................................................................10

    I.    SECTION 150.002 MANDATES DISMISSAL DUE TO THE MIRAMONS'
    FAILURE TO FILE A CERTIFICATE OF MERIT THAT SATISFIED THE
    REQUIREMENTS OF THE STATUTE .........................................10

        A.    Standard of Review.................................................10

        B.    It is Undisputed that the Miramons were Required to File
        the Mandatory Certificate of Merit with Their First-Filed
        Petition Against Encotech. ......................................11

        C.    The Miramons Failed to File a Certificate of Merit that
        Satisfied the Requirements of the Section 150.002. ..............12

            i.    Mr. Darville's Collective Assertions of Negligence do
            not Satisfy the Requirements of Section 150.002(b)...13

            ii.    The Holdings in *T&T Engineering* and *Bratton*
            Require that the Miramons' Claims against Encotech
            be Dismissed. ................................................16

            iii.    Mr. Darville does not Satisfy the Expert Qualification
            Requirements of Sections 150.002(a) and (b)..............23

CONCLUSION AND PRAYER...........................................................28

CERTIFICATE OF COMPLIANCE ....................................................30

CERTIFICATE OF SERVICE ..........................................................30

APPENDIX A ...............................................................................A

APPENDIX B ...............................................................................B

# TABLE OF AUTHORITIES

## Cases

*AMEC Foster Wheeler USA Corp. v. Goats*, No. 09-18-00477-CV, 2019 WL 3949466 (Tex. App.—Beaumont 2019, no pet.)........................................10, 12

*AMEC Foster Wheeler USA Corporation v. Maricelli*, 2020 WL 3579567 (Tex. App.—Beaumont 2020 no pet.) (mem. op.)......................................................18

*Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church, Vidor*, 551 S.W.3d 320 (Tex. App.—Beaumont 2018, no pet.).......................10, 21, 22, 23

*Bratton v. Pastor, Behling & Wheeler, L.L.C.*, 2024 WL 1662391 (Tex. App.—Houston [1st] 2024, review denied (Dec. 6, 2024) ...........................................20

*Capital One v. Carter & Burgess, Inc.*, 344 S.W.3d 477 (Tex. App.—Fort Worth 2011, no pet.) ......................................................................................................10

*Certain Underwriters at Lloyd's of London Subscribing to Pol'y No. NAJL05000016-H87 v. Mayse & Assocs., Inc.*, 635 S.W.3d 276 (Tex. App.—Corpus Christi-Edinburg 2021, pet. denied) ....................................................25

*Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384 (Tex. 2014) ....12

*DHM Design v. Morzak*, 2015 WL 3823942 (Tex. App.—Dallas 2015, pet. denied) .................................................................................................................14

*Fluor Enters., Inc. v. Maricelli*, 2020 WL 2070257 (Tex. App.—Beaumont 2020, pet. denied) ...............................................................................................14

*James Deaver Servs. V. Mafrige*, 2022 WL 4137305 (Tex. App.—Houston [1st Dist.] 2022).......................................................................................................15

*Janis Smith Consulting, LLC v. Rosenberg*, 2024 WL 4750757 (Tex. App.—Austin 2024), pet. denied.................................................................26, 27, 28

*LaLonde v. Gosnell*, 593 S.W.3d 212 (Tex. 2019).............................................12

*Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 513 S.W.3d 487 (Tex. 2017).................................................................................................................25

*LJA Eng'g Inc. v. Santos*, 652 S.W.3d 916 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ....................................................................................................10

*Macina, Bose, Copeland & Assocs. v. Yanez*, 2017 WL 4837691 (Tex. App.— Dallas 2017, pet. dism'd)............................................................13, 14, 15

*M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497 (Tex. App.—Austin 2012, pet. denied) ........................................................................................................28

*Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887 (Tex. 2017) .................................................................................................13, 25

*Pedernal Energy, LLC v. Bruington Architecting, Ltd.*, 536 S.W.3d 487 (Tex. 2017).......................................................................................................................12

*Pipkins v. LaBiche Architectural Grp., Inc.*, 661 S.W.3d 842 (Tex. App.— Beaumont 2022) .......................................................................................................10

*Res. Planning Assocs., LLC v. Se Scout Base Galveston & Point Glass, LLC*, 2021 WL 1375797 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (mem. op.)...................................................................................................................14, 17

*Robert Navarro & Assocs. Eng'g., Inc. v Flowers Baking Co. of El Paso, LLC*, 389 S.W.3d 475 (Tex. App.—El Paso 2012, no pet) .......................................13

*T&T Engineering Services, Inc. v. Danks*, 2022 WL 3588718 (Tex. App.— Houston [1st Dist] 2022) ........................................................................ passim

## Statutes

Texas Civil Practice and Remedies Code § 150.001(1-c) ...................................12

Texas Civil Practice and Remedies Code § 150.002(a) ............................. passim

Texas Civil Practice and Remedies Code § 150.002(b) ............................. passim

Texas Civil Practice and Remedies Code § 150.002(c) .......................................3

Texas Civil Practice and Remedies Code § 150.002(e) .......................3, 9, 12, 29

# ABBREVIATIONS AND TERMS

"CR" will refer to the 1 Volume Clerk's Record, filed October 10, 2025.

"RR" will refer to the Reporter's Record, filed October 3, 2025.

"Appellant" or "Encotech" will refer to Appellant Encotech Consulting Engineers, Inc.

"Appellees" or the "Miramons" will refer to Appellees Ian Miramon and Caroline Miramon, collectively.

"Mr. Miramon" will refer to Appellee Ian Miramon, individually.

## STATEMENT REGARDING ORAL ARGUMENT

Encotech does not request oral argument as it does not believe oral argument will assist the Court in its decisional process in this appeal. The issues, which involve the mandatory requirements of Texas Civil Practice & Remedies Code §§ 150.002(a) and (b), are straightforward and can be adequately presented in the briefs and record.

NO. 15-25-00173-CV

In the Fifteenth District Court of Appeals at Austin, Texas

Encotech Consulting Engineers, Inc.
Appellant,

v.

Ian Miramon and Caroline Miramon,
Appellees.

Appeal from the 250th District Court, Travis County, Texas
The Hon. Laurie Eiserloh, Presiding Judge
Trial Court Cause No. D-1-GN-25-001130

## BRIEF OF APPELLANT ENCOTECH CONSULTING ENGINEERS, INC.

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

COMES NOW, Appellant Encotech, and files this, its Appellant Brief.

1

## ISSUE PRESENTED

1.    Did the trial court abuse its discretion in denying Encotech's Motion to Dismiss filed pursuant to Texas Civil Practice and Remedies Code § 150.002(e) when the Certificate of Merit submitted by the Miramons failed to satisfy the mandatory requirements of Texas Civil Practice and Remedies Code §§ 150.002(a) and (b)?

## STATEMENT OF THE CASE

*Nature of the Case:* Lawsuit filed by the Miramons claiming injuries resulting from the negligence and gross negligence of multiple defendants, including an initial global allegation that five different defendants failed to perform professional engineering services consistent with the applicable standard of care.[1]

*Course of Proceedings:* On February 12, 2025, the Miramons filed their Original Petition—its first-filed pleading against Encotech. The Miramons' pleading failed to incorporate a Certificate of Merit that complied with the mandatory requirements of Texas Civil Practice and Remedies Code § 150.002.[2,3] Instead, the Miramons submitted a Certificate making collective assertions of negligence against five (5) parties, made by a consulting engineer not actively engaged in the practice of MEP engineering design services.[4]

On August 11, 2025, Encotech moved for dismissal pursuant to Texas Civil Practice and Remedies Code § 150.002(e), due to the Miramons failure to comply with § 150,002(b).[5] The Miramons' response was filed on August 21, 2025, and the Motion was heard by the trial court on August 26, 2025.[6]

*Trial Court Disposition:* On September 10, 2025, the trial court entered its Order denying Encotech's Motion to Dismiss.[7]

---

[1] CR at 12, 56, 100.

[2] *See generally,* CR at 9-52.

[3] A copy of the full-text of Texas Civil Practice and Remedies Code § 150.002 is attached at Appendix Tab B.

[4] *See, e.g.*, CR at 144-51. The Miramons have resubmitted the same Certificate multiple times since commencing their suit, removing three (3) parties and adding four (4) additional parties, without any change to the collective assertions of negligence. *See, e.g.* CR 48-55, 70-78, and 95-103.

[5] CR at 239-75.

[6] CR at 281-313.

[7] CR at 363. A copy of the Order is attached at Appendix Tab A.

**STATEMENT OF FACTS**

1. **Background.**

The Miramons' claims arise out of alleged injuries sustained by the Miramons in connection with the design and construction of the Austin Fire Station located at 5410 US-290, Austin, Texas 78749 (the "**Project**"). [8] According to the Miramons, on June 17, 2023, Mr. Miramon was working at the Project, which was not his usual fire station.[9] Further, the Miramons allege that Mr. Miramon was struck by a blade of an industrial-sized ceiling fan while performing an inspection of a fire truck at the Project, which knocked him off the top of the fire truck to the ground below.[10] The Miramons contend Mr. Miramon suffered personal injuries as a result of this incident.[11]

The Miramons' Original Petition named six (6) defendants, including Encotech, and asserted collective allegations that the defendants breached their duty of ordinary care to the Miramons through negligent design, installation, construction, inspection, and other acts discovered that are deemed negligent and/or grossly negligent.[12] The Miramons attached a Certificate of Merit of Shane M. Darville, P.E. to their Original Petition.[13]

---

[8] CR at 9, 239.
[9] CR at 9.
[10] *Id.*
[11] CR at 9-10.
[12] CR at 10-12.
[13] CR at 11 and 18-24.

## 2. Mr. Darville's Deficient Certificate of Merit.

In Mr. Darville's Certificate of Merit, he includes a list of five (5) engineering firms, including Encotech, that he contends "are known or reasonably believed to have worked upon the design and/or construction of [the Project]," which, throughout the remainder of the Certificate, "are collectively referred to as 'The relevant party(ies).'"[14] Mr. Darville makes at least the following assertions regarding the relevant parties:

- "*the relevant parties* must take into consideration the presence of the apparatus in the bay, as well as the knowledge of its utility and required maintenance, and must therefore design and install the fan at sufficient clearance for Austin Fire Department personnel to safely and properly perform their required maintenance and inspections of the apparatus."[15]

- "As licensed engineers, *the relevant parties* failed to design [the Project] in a safe condition (specifically regarding placement of the subject ceiling fan), failed to install the ceiling fan at issue in a safe manner and location, failed to construct [the Project] in a safe manner (specifically regarding placement of the subject ceiling fan), failed to adequately inspect [the Project] for dangerous/hazardous conditions, failed to adequately warn of any such dangerous/hazardous conditions, failed to remedy and/or retrofit any dangerous/hazardous conditions that they created/discovered, and/or violated applicable government regulations, laws, rules and/or industry standards."[16]

- "*the relevant parties* failed to exercise reasonable care as well as meet the standard of care for licensed engineers for the reasons articulated herein where work was performed by a licensed engineer."[17]

---

[14] CR at 19.
[15] *Id.* (emphasis added).
[16] CR at 20. (emphasis added).
[17] *Id.* (emphasis added).

5

Mr. Darville's Certificate of Merit does not identify which "relevant party" was responsible for performing any of these alleged duties or which allegedly failed to do so.[18] Moreover, Mr. Darville's Certificate of Merit provides no distinction between any of the "relevant parties," including, but not limited, to what scopes and services each allegedly performed or the purported specific act(s), error(s), or omission(s) of each related to each of the Miramons' theories of recovery for damages.[19]

Mr. Darville's curriculum vitae, attached to his Certificate of Merit, provides no detail indicating he is actively engaged in the practice of engineering, nor that he is actively engaged in the practice of providing mechanical, electrical, and plumbing ("**MEP**") engineering design services.[20] Instead, Mr. Darville's curriculum vitae details that his experience is instead in failure analysis and litigation support.[21]

Since filing their Original Petition, the Miramons have amended their pleading three times and named eighteen (18) distinct defendants.[22] The Miramons have also filed a new Certificate of Merit with each amended petition, listing an additional four (4) engineering firms subsumed into the same collective referred to

---

[18] CR at 18-24
[19] *Id.*
[20] CR 21-24
[21] *Id.*
[22] CR 35-47, 56-69, 81-94.

as "The relevant party(ies)."[23] In each new Certificate of Merit, Mr. Darville made no substantive changes to his collective assertions of negligence.[24]

### 3. Encotech's Motion to Dismiss

Encotech filed a Motion to Dismiss with Prejudice (the "**Motion to Dismiss**") the Miramons' claims against them because the Miramons' Certificate of Merit failed to satisfy the mandatory requirements of Section 150.002.[25] The Motion to Dismiss argued that the Certificate of Merit was deficient because 1) Mr. Darville was not actively engaged in the practice of engineering; 2) failed to specify Encotech's act(s), error(s), and omission(s) and the factual basis for same, instead making collective assertions of negligence; and 3) failed to identify which party(ies) failed to exercise reasonable care and failed to meet the standard of care for a licensed engineer.[26]

In the Miramons' response, they claimed that Encotech's arguments regarding 1) Mr. Darville's insufficient qualifications; and 2) collective assertions of negligence that failed to identify any specific acts or omissions of Encotech were without merit.[27]

---

[23] CR 48-55, 70-78, 95-103.
[24] *Id.*
[25] CR 239-75.
[26] *Id.*
[27] *See, generally,* CR 281-313.

7

After an oral hearing on Encotech's Motion to Dismiss, the trial court entered an order denying the Motion.[28] Encotech timely filed its Notice of Interlocutory Appeal as to the trial court's order and this appeal followed.[29]

---

[28] *See* App'x Tab A; *see also* CR at 363.
[29] CR 370-71.

## SUMMARY OF ARGUMENT

The trial court abused its discretion in denying Encotech's Motion to Dismiss pursuant to Texas Civil Practice and Remedies Code § 150.002.

Section 150.002(e) mandates dismissal of the Miramons' claims against Encotech because the Miramons failed to file a Certificate of Merit that satisfied the requirements of Section 150.002. Instead, the Miramons filed a Certificate of Merit prepared by Shane M. Darville, P.E., which lumped all defendants together and stated collective assertions of negligence that failed to identify any specific act(s), error(s), or omissions of Encotech, as required to comply with Section 150.002(b). Additionally, Mr. Darville lacked sufficient qualifications to satisfy the requirements of Section 150.002(a) and (b). Each of these distinct issues results in a Certificate of Merit that does not comply with the mandatory requirements of Section 150.002.

The trial court lacked discretion to deny Encotech's Motion to Dismiss as Section 150.002(e) mandates dismissal for the failure to file a Certificate of Merit compliant with all requirements of Section 150.002.

Encotech requests that the Court reverse and render judgment dismissing the Miramons' claims against Encotech as mandated by Texas Civil Practice and Remedies Code § 150.002(e), with a remand for the trial court to determine whether the dismissal is with or without prejudice.

## ARGUMENT

## Section 150.002 Mandates Dismissal Due to the Miramons' Failure to File a Certificate of Merit that Satisfied the Requirements of the Statute

Issue Presented (Restated):

> Did the trial court abuse its discretion in denying Encotech's Motion to Dismiss filed pursuant to Texas Civil Practice and Remedies Code § 150.002(e) when the Certificate of Merit submitted by the Miramons failed to satisfy the mandatory requirements of Texas Civil Practice and Remedies Code §§ 150.002(a) and (b)?

### A.    Standard of Review

A court reviews the denial of a motion to dismiss pursuant to Texas Civil Practice and Remedies Code § 150.002 for an abuse of discretion.[30] "If a trial court acts arbitrarily or unreasonably, without reference to any guiding rules or principles, it constitutes an abuse of discretion."[31] "A court [also] abuses its discretion if it fails to analyze or apply the law correctly."[32] Application of the law to undisputed facts is a question of law that the Court reviews de novo.[33]

---

[30] *Pipkins v. LaBiche Architectural Grp., Inc.*, 661 S.W.3d 842, 849 (Tex. App.—Beaumont 2022); *AMEC Foster Wheeler USA Corp. v. Goats*, No. 09-18-00477-CV, 2019 WL 3949466, at *2 (Tex. App.—Beaumont 2019, no pet.); *Barron, Stark & Swift Consulting Eng'rs, LP v. First Baptist Church, Vidor*, 551 S.W.3d 320, 322 (Tex. App.—Beaumont 2018, no pet.) (citing *Capital One v. Carter & Burgess, Inc.*, 344 S.W.3d 477, 479 (Tex. App.—Fort Worth 2011, no pet.)).
[31] *Pipkins*, 661 S.W.3d at 849.
[32] *AMEC*, 2019 WL 3949466, at *2.
[33] *E.g.*, *LJA Eng'g Inc. v. Santos*, 652 S.W.3d 916, 919 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

**B.** **It is Undisputed that the Miramons were Required to File the Mandatory Certificate of Merit with Their First-Filed Petition Against Encotech.**

There is no dispute that Chapter 150 of the Texas Civil Practice and Remedies Code is applicable to the Miramons' claims against Encotech. Pursuant to Section 150.002:

> (a) …in any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, *a claimant shall be required to file with the complaint an affidavit* of a third-party…licensed professional engineer…who:
>
> > (1) is competent to testify;
> > (2) holds the same professional license…as the defendant; and
> > (3) practices in the area of practice of the defendant and offers testimony based on the person's:
> > > (A) knowledge;
> > > (B) skill;
> > > (C) experience;
> > > (D) education;
> > > (E) training; and
> > > (F) practice."
>
> (b) The affidavit *shall* set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed…professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The…licensed professional engineer…shall be licensed… in this state and actively engaged in the practice of …engineering….

(e) A claimant's failure to file the affidavit in accordance with this section ***shall*** result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.[34]

The affidavit—commonly referred to as "Certificate of Merit"—must be filed with the **first petition** filed against the licensed professional engineer.[35] The term "licensed or registered professional" includes licensed professional engineers and firms in which licensed professional engineers practice.[36] It is undisputed that Encotech is a professional engineering firm and that it provided MEP engineering design services for the Project.[37]

## C.    The Miramons Failed to File a Certificate of Merit that Satisfied the Requirements of the Section 150.002.

The Certificate of Merit of Shane M. Darville, P.E., filed by the Miramons with their first-filed petition against Encotech, does not satisfy the requirements of Section 150.002. First, Mr. Darville's Certificate of Merit lumped all of the defendants together and stated collective assertion of negligence that failed to identify the specific act(s), error(s), and omission(s) of Encotech and their factual

---

[34] Tex. Civ. Prac. and Rem. Code § 150.002(a), (b), and (e) (emphasis added).
[35] *See, e.g.*, *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 395 (Tex. 2014); *LaLonde v. Gosnell*, 593 S.W.3d 212, 218 (Tex. 2019) (describing the Certificate of Merit requirement as "mandatory"); *AMEC*, 2019 WL 3949466, at *3 (Certificate of Merit must be filed with "the first-filed complaint"); *Pedernal Energy, LLC v. Bruington Architecting, Ltd.*, 536 S.W.3d 487, 494 (Tex. 2017) ("section 150.002 requires dismissal if the plaintiff fails to file an affidavit contemporaneously with the complaint").
[36] Tex. Civ. Prac. and Rem. Code § 150.001(1-c).
[37] CR at 241.

12

basis, as required by Section 150.002(b). Second, Mr. Darville lacked sufficient qualifications to satisfy the requirements of Sections 150.002(a) and (b).

Each of these distinct issues results in a Certificate of Merit that does not comply with the requirements of Section 150.002, and thus, the trial court was required to dismiss the Miramons' suit against Encotech. The trial court abused its discretion when it denied Encotech's Motion to Dismiss.

### i. Mr. Darville's Collective Assertions of Negligence do not Satisfy the Requirements of Section 150.002(b).

Section 150.002(b) requires the third-party licensed engineer completing a certificate of merit to "attest to the defendant's professional errors or omissions and their factual basis."[38] The certificate of merit:

> "***shall*** set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed…professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim."[39]

Section 150.002(b) does not allow for "collective assertions of negligence" to satisfy the certificate of merit requirements.[40] Instead of collective assertions of negligence, the certificate of merit must specifically address "the conduct of the

---

[38] *See Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 896 (Tex. 2017).
[39] Tex. Civ. Prac. and Rem. Code § 150.002(b) (emphasis added).

[40] *See T&T Engineering Services, Inc. v. Danks*, 2022 WL 3588718, at *7 (Tex. App.—Houston [1st Dist] 2022); *see also Robert Navarro & Assocs. Eng'g., Inc. v Flowers Baking Co. of El Paso, LLC*, 389 S.W.3d 475, 482 (Tex. App.—El Paso 2012, no pet); *Macina, Bose, Copeland & Assocs. v. Yanez*, 2017 WL 4837691, at *7-8 (Tex. App.—Dallas 2017, pet. dism'd).

professional who provided the service at issue, and ***the certificate must identify each defendant and that defendant's specific conduct***."[41] Dismissal is appropriate where claims are asserted against a collective group of defendants and a Certificate of Merit fails to distinguish between the acts, errors, and omissions of each defendant.[42]

Texas appellate courts have further held that it "cannot be presumed that anytime two defendants are accused of similar conduct that valid claims exist against both of them—***if such claims indeed exist, the expert must actually say so***."[43] In cases involving multiple defendants, the court must be able to "determine which acts or omissions should be ascribed to which company, ***or the certificate of merit should opine that both companies were involved in all aspects of the work***."[44] When a certificate of merit "lumps defendants together" and lists the allegations without any attribution to a particular defendant or even identifying the various scopes of services at issue, and otherwise makes no statement that all defendants were involved in all aspects of the work, the certificate of merit is determined to be ***deficient***.[45]

---

[41] *See Fluor Enters., Inc. v. Maricelli*, 2020 WL 2070257, at *5 (Tex. App.—Beaumont 2020, pet. denied) (emphasis added); *see also DHM Design v. Morzak*, 2015 WL 3823942, at *3 (Tex. App.—Dallas 2015, pet. denied) (plain language of statute requires the Certificate of Merit to speak to the conduct of the professional who provided the service at issue in the theory of recovery)(emphasis added).

[42] *See T&T*, 2022 WL 3588718, at *7.

[43] *See Macina*, 2017 WL 4837691, at *6 (emphasis added); *see also Res. Planning Assocs., LLC v. Se Scout Base Galveston & Point Glass, LLC*, 2021 WL 1375797, at *16-17 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) (mem. op.).

[44] *See Macina*, 2017 WL 4837691, at *6 (emphasis added).

[45] *See James Deaver Servs. V. Mafrige*, 2022 WL 4137305 (Tex. App.—Houston [1st Dist.] 2022).

Here, Mr. Darville begins his assertions by listing a collective group of five (5) engineering firms, including Encotech, that he contends "are known or reasonably believed to have worked upon the design and/or construction of [the Project]."[46] Mr. Darville immediately lumps these defendants together, which "are collectively referred to as "The relevant party(ies)" throughout the remainder of his Certificate of Merit.[47] Despite lumping the "relevant parties" together into a group, Mr. Darville makes no contention that all of the "relevant parties" were involved in all aspects of the professional services or work at issue, nor does he make any effort to differentiate or identify which acts or omission should be ascribed to each of the "relevant parties." A certificate of merit making collective assertions of negligence as discussed above fails to satisfy the requirements of Section 150.002(b).[48]

Therefore, the trial court abused its discretion in denying Encotech's Motion to Dismiss the Miramons' claims against Encotech.

---

[46] CR at 19.

[47] CR at 18-24.

[48] Interestingly, Mr. Darville has subsequently updated his Certificate of Merit twice in conjunction with the Miramons' amended pleadings, continuing to make the same collective assertions of negligence while adding and removing various engineering firms from his collective reference to "The relevant party(ies). While subsequent Certificates of Merit prepared by Mr. Darville do not supplant the Certificate of Merit attached to the Miramons' first-filed petition, the simple fact that Mr. Darville relies upon the exact same fact narrative against nine (9) different engineering firms, some of which have now been removed by this action without any change to his collective assertions of negligence gives greater credence to the requirements of Section 150.002(b) that are entirely ignored in Mr. Darville's Certificate of Merit(s). *See, e.g.* CR 18-24, 48-55, 70-78, and 95-103.

**The Holdings in *T&T Engineering* and *Bratton* Require that the Miramons' Claims against Encotech be Dismissed.**

The Miramons contend that various holdings require a different result when considering the issue of "collective assertions of negligence." However, each supports dismissal of the Miramons' claims against Encotech. First, the *T&T Engineering* matter, which involved injuries suffered by a plaintiff while working on a drilling rig that was allegedly designed, fabricated, or manufactured by defendants T&T Engineering Services, Inc. ("**T&T Engineering**") and Basic Equipment.[49] The plaintiff was injured while operating drilling pipes on the derrick board of the rig.[50] T&T Engineering moved to dismiss the plaintiff's claims on the basis that plaintiff's certificate of merit did not comply with the requirements of Section 150.002.[51] In particular, T&T Engineering argued that the plaintiff's certificate of merit "did not establish a factual basis for each claim asserted against it," but rather, "was 'conclusory in its allegations all the while failing to identify which actions were committed by which defendant.'"[52] The trial court denied T&T Engineering's motion to dismiss.[53]

On appeal, the Court of Appeals acknowledged that, despite there being multiple defendants in the case, "the certificate of merit did not specifically state the

---

[49] *T&T Engineering*, 2022 WL 3588718.
[50] *Id.*, at *1.
[51] *Id.*, at *2.
[52] *Id.*
[53] *Id.*

alleged negligence of T&T Engineering as opposed to that of Basic Equipment," and that it "also did not expressly state that both T&T Engineering and Basic Equipment were involved in all aspects of the work performed."[54,55] As a result, "[t]here was…no way for the trial court to determine, based on the certificate of merit, 'which acts or omissions should be ascribed to which company.'"[56,57]

However, the Court of Appeals determined that a post-hearing brief filed by T&T Engineering disrupted this analysis.[58] In the post-hearing brief T&T Engineering expressly acknowledged that it had fabricated and designed the rig and

---

[54] *Id.*, at *8.

[55] The Miramons also cite to *Res. Planning Assocs.*, 2021 WL 1375797, in their response to Encotech's Motion to Dismiss. However, as noted by the Miramons, in that matter the certificate of merit included an express statement that the expert was unaware of the division of responsibilities between two architectural firms named as defendants, and that the expert indicated that each of the architectural firms "were involved in all aspects of the work and in the errors and omissions he outlined." *See* CR 303-04. This opinion is irrelevant here, as Mr. Darville's Certificate of Merit includes neither of those statements. *See* CR 18-24.

[56] *Id.*, at *8.

[57] The Miramons also cite to *AMEC Foster Wheeler USA Corporation v. Maricelli*, 2020 WL 3579567 (Tex. App.—Beaumont 2020 no pet.) (mem. op.) in their response to Encotech's Motion to Dismiss. However, as made clear in the Miramons nearly full page excerpt from that holding, the expert that prepared the certificate of merit at issue in *Maricelli* specially identified the engineering roles of the engineering defendants—Foster Wheeler (technology licensee) and Fluor (front-end engineering and design and construction)—and states that each were involved in the engineering and design and "failed to identify the piping hazard." *See* CR 302-03. This opinion is irrelevant here, As Mr. Darville's Certificate of Merit does not identify the engineering roles of any of the five (5) engineering firms (or of the four (4) additional firms later added without any adjustment to his collective assertions), and does not identify how any of "The relevant party(ies)" were involved in designing the location, placement, and/or installation of the subject ceiling fan at issue. *See* CR 18-24.

[58] *Id.*, at *9.

17

derrick board at issue and attached its signed schematics for the derrick board where the injury occurred, which was the subject of the certificate of merit in question.[59] As a result, the Court of Appeals determined that T&T Engineering had "unequivocally acknowledged in the record before the trial court that it had designed the drilling rig and the derrick board at issue in [the] case."[60] Relying upon this unique procedural circumstance and affirmative evidence presented by T&T Engineering, the Court determined that the certificate of merit provided a sufficient basis for its conclusion.[61]

The result in *T&T Engineering* requires dismissal under the circumstances of this matter. Like the certificate of merit prepared in *T&T Engineering*, Mr. Darville's Certificate of Merit asserts collective allegations that do not specifically state, or even attempt to state, the alleged negligence of Encotech as opposed to that of any of the other four (4) engineering firms lumped into Mr. Darville's "relevant parties" collective.[62] Likewise, Mr. Darville did not expressly state that both Encotech and each of the other four (4) engineering firms were involved in all aspects of the work performed.[63] And importantly, unlike the unique procedural circumstances of the post-hearing brief in T&T Engineering, Encotech has made no submission of any

---

[59] *Id.*
[60] *Id.*
[61] *Id.*, at *9-10.
[62] CR 18-24.
[63] *Id.*

kind, whether before, during, or following the hearing on Encotech's Motion to Dismiss, that it designed the location, placement, and/or installation of the subject ceiling fan at issue in this matter and which is the subject of Mr. Darville's Certificate of Merit.[64]

Therefore, consistent with the Court of Appeals' determination in *T&T Engineering*, "[t]here was…no way for the trial court [hearing Encotech's Motion to Dismiss] to determine, based on the certificate of merit, 'which acts or omissions should be ascribed to which company.'"[65] Thus, Mr. Darville's Certificate of Merit failed to satisfy the requirements of Section 150.002(b).

Second, the Miramons reference *Bratton*, which likewise supports dismissal of the Miramons' claims against Encotech.[66] As evident from the Miramons' direct excerpt of over one-and-a-half pages of the opinion into the body of their response to Encotech's Motion to Dismiss, the *Bratton* decision relied heavily upon the holding in *T&T Engineering*.[67] In *Bratton*, the plaintiffs suffered injuries resulting from alleged exposure to chemicals stored at a railyard.[68] Plaintiffs sued multiple parties, including Pastor, Behling & Wheeler ("**PBW**") and Environmental Resources Management Southwest Inc. ("**ERM**"), who were alleged to be

---

[64] *See, e.g.,* CR 239-75, 354-58; RR 31:1-12.
[65] *T&T Engineering*, 2022 WL 3588718, at *8.
[66] *Bratton v. Pastor, Behling & Wheeler, L.L.C.*, 2024 WL 1662391 (Tex. App.—Houston [1st] 2024, review denied (Dec. 6, 2024).
[67] CR 298-300.
[68] *Id.*, at *2.

"consulting geologists" for the railyard that "failed to properly test, remediate, and/or warn of the real risks of creosote exposure."[69] ERM and PBW moved to dismiss the plaintiffs' certificate of merit on several bases, including because it "made collective assertions of negligence by ERM and PBW, rather than separating the errors and omissions attributable to ERM from those attributable to PBW."[70] After hearing, the trial court granted PWB and ERM's motions to dismiss.[71]

On appeal, the Court of Appeals reversed and remanded, specifically relying upon its earlier opinion in *T&T Engineering*.[72] The Court of Appeal explained that, in *T&T Engineering*, the certificate of merit at issue had:

> grouped both defendants together and attributed the alleged failures in the design and installation of the derrick board to both defendants without stating which defendant was responsible for which acts or omissions, or if they were both responsible for all acts and omissions. ***There was, therefore, no way for the trial court to determine, based on the face of the certificate of merit, "which acts or omissions should be ascribed to which company."***

> We noted, however, that "T&T Engineering [had] unequivocally acknowledged in the record before the trial court that it [had] designed the drilling rig and the derrick board" the plaintiff's expert opined was defective, and that the certificate of merit identified the "alleged flaw[s] in the design of the drilling rig."[73]

---

[69] *Id.*

[70] *Id.*, at *4.

[71] *Id.*

[72] *Id.*, at *9.

[73] *Id.* (internal citations omitted).

20

Thus, as a direct result of T&T Engineering's statements in its post-hearing brief at the trial court level, the Court of Appeals had determined the certificate of merit to be sufficient under Section 150.002(b).[74]

The Court of Appeals applied this same rubric to ERM and PBW, each of which had included extensive allegations regarding their specific scopes of services for the railyard in their respective motions to dismiss.[75] For example, ERM described that it "was regularly engaged in the practice of environmental engineering and was required to exercise its employees' engineering education, training, and experience to perform tasks necessary" to the permit for the railway, including, specifically:[76]

- "sampling, analysis, and delineation of specified constituents of concern;"[77]
- "analysis related to the conceptual site model;"[78]
- "evaluation of exposure pathways or lack thereof;"[79]
- "design of remedial action;"[80]
- "and the like.[81]

Similarly, PWB's motion to dismiss detailed its specific engineering services for the railway, including performance of studies using software similar to those identified

---

[74] *Id.* (citing *T&T Engineering*, 2022 WL 3588718, at *10).
[75] *Id.*
[76] *Id.*
[77] *Id.*
[78] *Id.*
[79] *Id.*
[80] *Id.*
[81] *Id.*

in the certificate of merit, and other engineering tasks it argued were contrary to the

assertions made in the certificate of merit, including:[82]

- frequent updates as hydrogeologic data became available;[83]
- detailed investigations of the railyard;[84]
- reporting of results to TCEQ;[85]
- collecting DNAPL samples to evaluate characteristics of the NAPL at the railyard;[86] and
- reporting of comprehensive NAPL investigation that it had conduced at the railyard.[87]

PWB argued that this extensive information was available for review when the

plaintiffs' certificate of merit was prepared.[88] As a result of ERM and PBW's

extensive descriptions of their engineering services relative to the plaintiffs'

certificate of merit, just as in *T&T Engineering*, the Court of Appeals determined

that "the record reflect[ed that] ERM and PBW both acknowledge[d] in their

motions to dismiss that they were responsible for one or more aspects of the

remediation project" actually addressed and criticized in the certificate of merit.[89]

Much like the holding in *T&T Engineering*, the holding in *Bratton* requires

dismissal under the circumstances of this matter. As previously stated, and as is clear

in the record, there is no dispute that Encotech provided MEP engineering design

---

[82] *Id.,* at *10.
[83] *Id.*
[84] *Id.*
[85] *Id.*
[86] *Id.*
[87] *Id.*
[88] *Id.*
[89] *Id.*

services for the Project.[90] However, nothing in the record alleges that Encotech designed the location, placement, and/or installation of the subject ceiling fan at issue in this matter that is the subject of Mr. Darville's Certificate of Merit.[91] In stark contrast to ERM and PBW's extensive additions to the record in *Bratton*, the record here does not reflect that Encotech had any responsibility for any of the allegations made in Mr. Darville's collective assertions of negligence against five (5) engineering firms (and later, four (4) additional engineering firms without any adjustment to the substance of his global assertions).[92]

Given Mr. Darville's Certificate of Merit provided no way for the trial court to determine what, if any, of the acts or omissions discussed therein should be ascribed to Encotech, the Certificate of Merit failed to satisfy the requirements of Section 150.002(b).

Therefore, the trial court abused its discretion in denying Encotech's Motion to Dismiss the Miramons' claims against Encotech.

### iii. Mr. Darville does not Satisfy the Expert Qualification Requirements of Sections 150.002(a) and (b).

This Court need not look beyond Mr. Darville's collective assertions of negligence to determine his Certificate of Merit fails to satisfy the express requirements of Section 150.002(b). However, a separate but similarly dispositive

---

[90] CR at 241.
[91] *See, e.g.,* CR 239-75, 354-58, RR 31:1-12.
[92] *See* CR 18-24, 48-55, 70-78, and 95-103.

issue is that Mr. Darville's fails to satisfy the expert qualifications requirements of Sections 150.002(a) and (b).

Sections 150.002(a) and (b) require that the third-party licensed engineer completing a certificate of merit "practice in the area of practice of the defendant" and that they be "actively engaged in the practice of …engineering."[93] The Supreme Court of Texas has concluded that "area of practice" as used in the statute does not mean "the defendant's general area of practice," rather, it is "construe[d]…as the practice area at issue in the litigation."[94] The Supreme Court of Texas found "consideration of the 'practice area at issue' necessary."[95]

Here, there is no dispute that Encotech's area of practice is MEP engineering design services.[96] Mr. Darville's curriculum vitae, attached to his Certificate of Merit, demonstrates that he is not actively engaged in the practice of MEP engineering design services.[97] Rather, Mr. Darville's stated experience instead lies in "mechanical system and equipment failure analysis," "[MEP] related losses," and "mechanical systems analysis."[98] Nowhere in Mr. Darville's curriculum vitae does

---

[93] *See Melden*, 520 S.W.3d at, 890.

[94] *Certain Underwriters at Lloyd's of London Subscribing to Pol'y No. NAJL05000016-H87 v. Mayse & Assocs., Inc.*, 635 S.W.3d 276, 289 (Tex. App.—Corpus Christi-Edinburg 2021, pet. denied) (citing *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 513 S.W.3d 487, 494 (Tex. 2017).
[95] *Id.*
[96] CR at 241.
[97] CR 21-24.
[98] *Id.*

he indicate any experience in original MEP engineering design services or signing and sealing MEP plans for fire stations or commercial structures which are substantially similar to the Project.[99] Mr. Darville's lack of experience and any active engagement in the practice of MEP engineering design services—the only practice area at issue with respect to Encotech—fails to satisfy the requirements of Section 150.002(a) and (b).

The Miramons' diversion into a "subspecialty" argument is misplaced and irrelevant to Mr. Darville's failure to satisfy the expert qualifications requirements of Sections 150.002(a) and (b).[100] The Miramons rely upon *Janice Smith Consulting* for this position, which has no bearing on the issues before this Court.[101] In *Janis Smith Consulting*, the dispute involved the "feasibility of relocating [a] residential boat dock on Lake Austin consistent with the applicable permitting requirements." Janice Smith Consulting and Janice Smith (collectively, "**Smith**") moved to dismiss, arguing that the expert preparing the certificate of merit at issue lacked experience in "the relevant area of specialization," specifically "the construction and maintenance of boat docks and bulkheads in Lake Austin, or attached to the banks of Lake Austin."[102] Smith characterized this specialization as a "***narrow and very***

---

[99] *Id.*
[100] *See, e.g.,* CR 295-97.
[101] *Janis Smith Consulting, LLC v. Rosenberg*, 2024 WL 4750757, at *1 (Tex. App.—Austin 2024), pet. denied.
[102] *Id.* (emphasis added).

***specialized area of practice***" that required understanding of "the City of Austin's and Army Corps of Engineers' regulations for Lake Austin shoreline projects, the 'constructability of proposed designs,'" "and the 'regulatory reviewers' pattern of enforcement of regulations, in addition to 'a working knowledge" in the specialization.[103] After hearing, the trial court denied Smith's motion.[104]

On appeal, the Court of Appeals considered that, despite Smith's argument that she practiced in a "unique" subspecialty, the record reflected that both her and the expert preparing the certificate of merit at issue were civil engineers, and importantly, that the expert's resume demonstrated that he had "over 20 years of experience in municipal and city engineering services, including planning, design, and permit review, and involving water and wastewater services."[105] The record of the matter also contained additional information from the expert indicating his "experience working on boat docks," "in hydrology," and in "reviewing residential permits."[106] The Court of Appeals determined that the practice area at issue was civil-engineering ***design and permitting*** services, and that, "***[o]n this record***," it was reasonable for the trial court to find that Smith and the expert practiced in the same area of practice for purposes of Section 150.002(a).[107]

---

[103] *Id.*
[104] *Id.*
[105] *Id.*, at *3.
[106] *Id.*
[107] *Id.* (emphasis added).

Here, Encotech's contention is not that Mr. Darville does not practice in the same type of unique or narrow subspecialty as Encotech.[108] Rather, the issue is that Mr. Darville's curriculum vitae, attached to his Certificate of Merit, demonstrates that he simply ***does not practice*** and ***is not actively engaged in*** MEP engineering design services, which is the only practice area at issue in this matter with respect to Encotech.[109] Unlike the expert in *Janice Smith Consulting*, who had extensive experience directly relevant to the practice area at issue—civil-engineering ***design and permitting*** services—Mr. Darville has no experience in MEP engineering ***design*** services.[110] Instead, Mr. Darville's experience is in "mechanical system and equipment failure analysis" and "[MEP] related losses," neither of which involve or are equitable to original MEP engineering ***design*** services.[111,112]

Therefore, the trial court abused its discretion in denying Encotech's Motion to Dismiss the Miramons' claims against Encotech.

---

[108] CR 355; RR 30:8-17.

[109] CR 21-24, 241.

[110] *Id.*

[111] CR 21-24.

[112] The Miramons also cite to *M-E Eng'rs, Inc. v. City of Temple*, 365 S.W.3d 497, 503 (Tex. App.—Austin 2012, pet. denied) in their response to Encotech's Motion to Dismiss. However, there is no indication that the expert that prepared the certificate of merit at issue in *M-e Eng'rs* attached a copy of his curriculum vitae and instead relied only upon his sworn statements as to his experience. This is wholly unlike Mr. Darville's Certificate of Merit, which attached Mr. Darville's curriculum vitae and established his lack of experience in the practice area at issue in this matter. *See* CR 21-24.

## CONCLUSION AND PRAYER

For the reasons discussed hereinabove, in particular given the Miramons failure to file a Certificate of Merit that satisfied Section 150.002 with its first-filed petition against Encotech, Section 150.002(e) mandates dismissal of the Miramons' claims against Encotech. Mr. Darville's Certificate of Merit was non-compliant for at least the following two reasons, each of which is sufficient on its own to require dismissal: 1) the Certificate of Merit relied on collective assertions of negligence that failed to identify the specific act(s), error(s), and omission(s) of Encotech and their factual basis, as required by Section 150.002(b); and 2) Mr. Darville lacked sufficient qualifications to satisfy the requirements of Sections 150.002(a) and (b).

Thus, Encotech requests that the Court reverse and render a judgment dismissing the Miramons' claims against Encotech, with a remand for the trial court to determine whether the dismissal is with or without prejudice. Encotech further requests all other relief to which it is entitled to receive.

Respectfully submitted,


BY: */S/ M. BRANDON WADDELL*
   **M. BRANDON WADDELL** (SBN: 24042106)
   bwaddell@wslawpc.com
   **MICHELLE K. CONNER** (SBN: 24072189)
   mconner@wslawpc.com
   **NICHOLAS J. SCOTT** (SBN: 24093965)
   nscott@wslawpc.com
   WADDELL SERAFINO GEARY
     RECHNER JENEVEIN, P.C.
   1717 Main Street, 25th Floor
   Dallas, Texas 75201
   (214) 979-7400 – Telephone
   (214) 979-7402 – Facsimile

   **ATTORNEYS FOR APPELLANT**
   **ENCOTECH CONSULTING ENGINEERS,**
   **INC.**

## CERTIFICATE OF COMPLIANCE

The Brief was prepared using Microsoft Word with 14-point type for text, 12-point type for footnotes, and Times New Roman font. Relying on the word count function in that software, I certify that this Brief contains 5,692 words, not counting the sections excluded by Texas Rule of Appellate Procedure 9.4(i)(1).

*/S/ NICHOLAS J. SCOTT*
**NICHOLAS J. SCOTT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to all appellate counsel on November 19, 2025, in accordance with the Texas Rule of Appellate Procedure, via the Court's electronic case manager.

*/S/ NICHOLAS J. SCOTT*
**NICHOLAS J. SCOTT**

# APPENDIX A

CAUSE NO. D-1-GN-25-001130

| | | |
|---|---|---|
| IAN MIRAMON AND CAROLINE MIRAMON, *Plaintiffs*, | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | TRAVIS COUNTY TEXAS |
| ENCOTECH ENGINEERING CONSULTANTS, INC., J. E. DUNN CONSTRUCTION COMPANY, PGAL, INC., HARDESTY & HANOVER, LLC, HEAT TRANSFER SOLUTIONS, INC. D/B/A HTS TEXAS, P.E. STRUCTURAL CONSULTANTS, INC., BECKETT ELECTRICAL SERVICES, LLC, PAGE SOUTHERLAND PAGE, INC. A/K/A PAGE SOUTHERLAND PAGE AE, INC., PAGE SOUTHERLAND PAGE, L.L.P., PAGE SOUTHERLAND PAGE ENGINEERS, P.C., PAGE SOUTHERLAND PAGE, L.P., G4C ENTERPRISES, LLC, HAYNES-EAGLIN-WATERS, LLC, KEENAN, HOPKINS, SCHMIDT AND STOWELL CONTRACTORS, INC. *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § | 250TH JUDICIAL DISTRICT |

**ORDER DENYING DEFENDANT ENCOTECH ENGINEERING CONSULTANTS, INC.'S MOTION TO DISMISS WITH PREJUDICE**

On August 26, 2025, Came on for consideration Defendant Encotech Engineering Consultants, Inc.'s Motion to Dismiss with Prejudice, and the Court having considered the motion and Plaintiffs' response has determined the motion should be denied.

**IT IS ORDERED, ADJUDGED** and **DECREED** that Defendant Encotech Engineering Consultants, Inc.'s Motion to Dismiss with Prejudice is denied.

Date: September 10 , 2025

**DISTRICT JUDGE PRESIDING**
The Honorable Laurie Eiserloh

**APPROVED AS TO FORM:**

**RAMSEY LAW GROUP**

John C. Ramsey
State Bar No. 24027762
K. Grace Hooten
State Bar No. 24092980
Woodway Tower
6363 Woodway Drive, Suite 500
Houston, Texas 77057
Telephone:    (713) 489-7577
Facsimile:     (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com

**RICK FREEMAN, P.C.**
Rick Freeman
State Bar No. 07428800
3660 Stoneridge Road, B-102
Austin, Texas 78746
Telephone: (512) 477-6111
Facsimile: (512) 473-2131
rick@rickfreemanlaw.com

**PAUL WEBB, P.C.**
Vincent L. Marable III
State Bar No. 12961600
221 N. Houston Street
Wharton, Texas 77488
Telephone: (979) 532-5331
Facsimile: (979) 532-2902
tripp@paulwebbpc.com

**ATTORNEYS FOR PLAINTIFFS IAN
MIRAMON AND CAROLINE MIRAMON**

2

# **APPENDIX B**

Vernon's Texas Statutes and Codes Annotated
    Civil Practice and Remedies Code (Refs & Annos)
        Title 6. Miscellaneous Provisions
            Chapter 150. Licensed or Registered Professionals (Refs & Annos)

V.T.C.A., Civil Practice & Remedies Code § 150.002

§ 150.002. Certificate of Merit

Currentness

(a) Except as provided by Subsection (i), in any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, a claimant shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

(1) is competent to testify;

(2) holds the same professional license or registration as the defendant; and

(3) practices in the area of practice of the defendant and offers testimony based on the person's:

(A) knowledge;

(B) skill;

(C) experience;

(D) education;

(E) training; and

(F) practice.

(b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, a claimant has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the claimant shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(d) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(e) A claimant's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

(f) An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

(g) This statute shall not be construed to extend any applicable period of limitation or repose.

(h) This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

(i) A third-party plaintiff that is a design-build firm or a design-build team, or an architect, engineer, or other member of a design-build firm or design-build team, is not required to file an affidavit described by Subsection (a) in connection with filing a third-party claim or cross-claim against a licensed or registered professional if the action or arbitration proceeding arises out of a design-build project in which a governmental entity contracts with a single entity to provide both design and construction services for the construction, expansion, extension, rehabilitation, alteration, or repair of a facility, a building or associated structure, a civil works project, or a highway project.

**Credits**
Added by Acts 2003, 78th Leg., ch. 204, § 20.01, eff. Sept. 1, 2003. Amended by Acts 2005, 79th Leg., ch. 189, § 2, eff. May 27, 2005; Acts 2005, 79th Leg., ch. 208, § 2, eff. Sept. 1, 2005; Acts 2009, 81st Leg., ch. 789, § 2, eff. Sept. 1, 2009; Acts 2019, 86th Leg., ch. 661 (S.B. 1928), § 2, eff. June 10, 2019; Acts 2023, 88th Leg., ch. 438 (H.B. 2007), § 1, eff. Sept. 1, 2023.

V. T. C. A., Civil Practice & Remedies Code § 150.002, TX CIV PRAC & REM § 150.002
Current through legislation effective July 1, 2025, of the 2025 Regular Session of the 89th Legislature. Some statute sections may be more current, but not necessarily complete through the whole Session. See credits for details.

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paula Reynolds on behalf of Nicholas Scott
Bar No. 24093965
preynolds@wslawpc.com
Envelope ID: 108229957
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief of Appellant Encotech Consulting Engineers, Inc.
Status as of 11/19/2025 1:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paula Reynolds | | preynolds@wslawpc.com | 11/19/2025 12:26:41 PM | NOT SENT |
| Brandon Waddell | | bwaddell@wslawpc.com | 11/19/2025 12:26:41 PM | NOT SENT |
| Nicholas Scott | | nscott@wslawpc.com | 11/19/2025 12:26:41 PM | NOT SENT |
| Michelle Connrt | | mconner@wslawpc.com | 11/19/2025 12:26:41 PM | NOT SENT |
| Vincent Marable | | tripp@paulwebbpc.com | 11/19/2025 12:26:41 PM | NOT SENT |
| Rick Freeman | | rick@rickfreemanlaw.com | 11/19/2025 12:26:41 PM | NOT SENT |
| John Ramsey | | john@ramseylawpc.com | 11/19/2025 12:26:41 PM | NOT SENT |